```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     |
RAYMOND BROWN,                       |
                                     |
          Petitioner,                |
                                     |   07 Civ. 5906 (KMW)
     -against-                       |
                                     |   OPINION & ORDER
DARWIN LACLAIRE, Superintendent,     |
     Great Meadow Correctional       |
     Facility,                       |
                                     |
          Respondent.                |
                                     |
-------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Petitioner is appearing pro se, on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court has before it Respondent's motion to dismiss Petitioner's habeas petition, (Dkt. No. 7) and Petitioner's application for the appointment of counsel, (Docket Number ("Dkt. No.") 11).

For the reasons stated below, the Court DENIES Respondent's motion to dismiss and DENIES Petitioner's application for the appointment of counsel without prejudice.  As ordered below, Respondent shall file an answer to the petition; thereafter, Petitioner may renew his application for appointment of counsel.

**Background**

**I.    Procedural History**

Petitioner Raymond Brown filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 14, 2007 (the

"habeas petition").[1]  (Dkt. No. 2.)  At that time, Petitioner also applied for the appointment of counsel pursuant to 18 U.S.C. 3006A(g).  (Dkt. No. 3.)

The Court ordered Respondent to file an answer pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases (the "§ 2254 Rules"), (Dkt. No. 4).  Subsequently, the Court denied Petitioner's application for counsel without prejudice to renew it after Respondent answered.  Order, March 3, 2008 (Dkt. No. 6).

Instead of an answer, Respondent filed a motion to dismiss the habeas petition in which it argued that the petition was filed after the relevant statute of limitations had run.  (Dkt. No. 7.)

Petitioner filed an affirmation in opposition, arguing that the statute of limitations should be equitably tolled because certain legal papers he contends he needed to prepare his habeas petition were lost when he was transferred between correctional facilities.  (Dkt. No. 9.)  Petitioner thereafter renewed his application for the appointment of counsel pursuant to 18 U.S.C. 3006A(g).  (Dkt. No. 11.)

Respondent replied, arguing that Petitioner had not alleged

---

[1] Petitioner's habeas petition is dated, and stamped received by the Pro Se Office, May 14, 2007.  It was not docketed until June 21, 2007.  For the purposes of this order, the Court considers May 14, 2007 to be the petition's filing date.

sufficient grounds for equitable tolling.[2]  (Dkt. No. 10.)

**II. Facts**

For the purpose of deciding Respondent's motion to dismiss, the Court assumes that the facts stated in Petitioner's habeas petition and affirmation are true.[3]

On August 9, 2001, Petitioner was sentenced to a term of imprisonment from fifteen years to life based on his guilty plea to murder in the second degree.[4]

On October 29, 2002, Petitioner moved the trial court to vacate the judgment resulting from his guilty plea, pursuant to New York Criminal Procedure Law ("CPL") § 440.10.  The trial court denied this motion on April 28, 2003.

Petitioner also appealed the judgment based on his guilty plea.  The New York State Appellate Division, First Department (the "First Department"), affirmed this judgment on December 14,

---

[2] Respondent also argues that, because Petitioner was able to write to the Assistant District Attorney representing Respondent on this habeas petition soon after Petitioner arrived at his new correctional facility, Petitioner's claim to have lost legal papers in the move is suspect.  Respondent's argument is unpersuasive.  Respondent provides no reason to infer that Petitioner's only access to this Assistant District Attorney's name and address was through his lost legal papers.

[3] Although a court generally considers only facts alleged in the pleadings when deciding a motion to dismiss, it may consider a petitioner's sworn statement when considering a motion to dismiss a habeas petition.  See Valverde v. Stinson, 224 F. 3d 129, 135 (2d Cir. 2000).

[4] Also on August 9, 2001, Petitioner was convicted, after a jury trial, of two counts of attempted murder in the second degree. Petitioner's habeas petition challenging this conviction after trial is also pending before the Court.

3

2004.  See People v. Brown, 13 A.D.3d 145 (1st Dept. 2004).
Leave to appeal the affirmance was denied on March 11, 2005.  See
People v. Brown, 4 N.Y.2d 828 (2005).

On June 24, 2004, during the time Petitioner's appeal to the First Department was pending, he again moved the trial court to vacate the judgment resulting from his guilty plea, pursuant to CPL § 440.10 (Petitioner's "second § 440.10 motion").  On August 5, 2004, the trial court denied this second § 440.10 motion.[5]

Soon thereafter, the trial court granted reargument, based on additional arguments Petitioner had raised.  On August 12, 2004, the trial court again denied Petitioner's second § 440.10 motion.

On October 21, 2004, Petitioner appealed the denial of his second § 440.10 motion.  On December 22, 2005, the First Department affirmed the trial court's denial of this motion.  On April 19, 2006, the New York State Court of Appeals denied Petitioner leave to appeal the First Department's affirmance.

In November 2006, prison authorities lost a bag of Petitioner's property when they transferred him between correctional facilities.  Petitioner's lost property included pages of prepared legal work that Petitioner needed for this habeas petition.

---

[5] Petitioner's habeas petition mistakenly lists this date as August 5, 200**5** rather than 200**4**.

4

On November 27, 2006, less than a week after discovering this loss, Petitioner filed a grievance.  The grievance describes his lost property, including his lost legal papers and transcripts, and requests an investigation and the return of his property.  On January 9, 2007, Petitioner's grievance was returned with the advice that he file a claim.  On January 10, 2007, Petitioner filed a claim for his lost property, requesting compensation for the lost items.  The claim form describes his lost legal materials as including three large manilla envelopes with legal papers and three large envelopes with trial transcripts.

On May 1, 2007 Petitioner's lost property was returned to him.  On May 14, 2007, Petitioner filed this habeas petition.

**Discussion**

**I.   Motion to Dismiss**

   **A.   Standard of Review**

In order to survive a motion to dismiss, Plaintiffs must provide factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (finding Twombly's motion to dismiss standard generally applicable).  In assessing whether Plaintiffs have met this standard, the Court must "constru[e] the complaint liberally, accepting all factual

allegations . . . as true, and drawing all reasonable inferences in the plaintiff[s'] favor." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

Petitioner is proceeding pro se; his submissions should thus be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir.1993) (quoting Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam)). Moreover, when a petitioner appears pro se, the Court must construe his pleadings liberally and interpret them "to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation omitted).

### B. Legal Standards and Application

Although Petitioner filed his habeas petition after the one-year statute of limitations for its filing expired, he alleges adequate facts in support of his claim for equitable tolling to survive a motion to dismiss his habeas petition as time-barred.

#### 1. Statute of Limitations

##### a. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on all petitions for a writ of habeas corpus. See 28 U.S.C. § 2244(d). The AEDPA provides in relevant part that:

> [a] 1-year period of limitation shall apply to an

> application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest ... date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1)(A).

However, in determining when the limitation period has run, courts do not count the time during the pendency of a properly filed application for State post-conviction or other collateral review of the relevant judgment or claim.  28 U.S.C. § 2244(d)(2).

### b. Application

Respondent contends, and Petitioner does not contest, that his AEDPA limitation period began to run on April 19, 2006, the date on which the First Department affirmed the trial court's denial of Petitioner's second §440.10 motion.  His one-year filing period thus expired April 19, 2007.  He filed this habeas petition on May 14, 2007, nearly four weeks after his filing period expired.

## 2. Equitable Tolling

### a. Legal Standard

Under certain "extraordinary and exceptional circumstances," a court can equitably toll AEDPA's one-year limitation period.  <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000).  A petitioner seeking equitable tolling must establish: (1)

extraordinary circumstances, and (2) that these extraordinary circumstances prevented him from filing his habeas petition on time ("causality").  Id. (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

The Second Circuit has determined that correction officers' "*intentional* confiscation of a prisoner's habeas petition and related legal papers ... is extraordinary."  Valverde 224 F.3d at 133 (emphasis added).  The Second Circuit has not yet decided whether prison staff's *negligent* loss of a petitioner's legal papers may also constitute an extraordinary circumstance.  See United States v. Rodriguez, 438 F. Supp. 2d 449, 453 (S.D.N.Y. 2006).

If a petitioner could have, with reasonable diligence, filed his habeas petition despite the extraordinary circumstances, equitable tolling is not appropriate.  Valverde 224 F.3d at 134.

### b. Application

#### i. Extraordinary Circumstances

A prison staff's negligent loss of a prisoner's personal property, without more, is not extraordinary.  However, in this case, Petitioner immediately notified prison officials that they had lost his property, triggering a process to recover his goods.  Yet, for over five months, prison officials neither returned

Petitioner's lost property nor compensated him for his loss.[6] Accepting all of Petitioner's factual allegations as true, drawing all reasonable inferences in his favor, and construing his claims "to raise the strongest arguments that they suggest," Pabon, 459 F.3d at 248, the prison staff's negligent loss of Petitioner's legal papers and prison officials' lengthy delay in returning Petitioner's legal papers to him, despite the fact that Petitioner promptly alerted them to the loss, created an extraordinary circumstance.[7]

---

[6] The Second Circuit has left open the possibility that it constitutes an extraordinary circumstance for prison officials to deprive a habeas petitioner of his legal materials, even if they do so because they have placed the petitioner in solitary confinement and have deemed the materials a threat to the safety or security of prison staff, inmates, and property. See Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). If depriving a petitioner of his legal materials may be an extraordinary circumstance even where prison officials have a legitimate reason for doing so, a petitioner seems all the more deserving of equitable relief where, as here, prison officials have no such reason. It would be unjust to hold Petitioner responsible for the prison staff's extraordinary delay in returning his legal papers, despite Petitioner having promptly notified the staff of his loss.

Respondent cites two district court cases for the proposition that the ordinary hardships of prison life, including lock-downs, transfers, and restrictions on library access, do not constitute extraordinary circumstances. (Resp.'s Reply 3.) Respondent implies that the prison's loss of Petitioner's legal papers is an ordinary hardship. It is not clear that the Second Circuit would agree with the reasoning in the cited decisions. Furthermore, the facts that Petitioner alleges, especially the prison staff's extreme delay in returning his property, are distinguishable. Accordingly, the Court does not find Respondent's analogy persuasive.

[7] Nothing in Petitioner's pleadings suggests that prison staff intentionally confiscated his property. Accordingly, the Court understands Petitioner to allege that they unintentionally lost his legal papers.

### ii. Causality

Petitioner alleges that he needed his lost legal papers in order to file his habeas petition. Although Petitioner does not specify how he used his legal papers in drafting his petition, the Court can infer a causal connection between the two from the petition's substance.

Petitioner filled out a form habeas petition. The form provided a space for him to state the grounds for his petition. In lieu of filling out this portion of the form, Petitioner attached two documents. The first document consists of two typed pages setting out the grounds for his habeas petition. The second document is a copy of the brief he filed in his appeal of the trial court's denial of his second § 440.10 motion. The first document appears to be adapted from the appellate brief. The appellate brief also elaborates on the arguments in the first document.[8]  Thus, Petitioner's habeas petition directly relied

---

[8] Accordingly, the Court does not find persuasive Respondent's contention that, because Petitioner's habeas petition "consists of hardly anything other than this court's form," there is no causal relationship between Petitioner's lost legal papers and his delayed petition. (See Resp.'s Aff. in Reply ¶ 6.)

Respondent also notes that Petitioner wrote "Does not apply to Petitioner" in the section of the habeas petition form that asks why, if a petitioner's judgment was made final more than a year prior to submitting his habeas petition, AEDPA's one-year statute of limitations does not apply. (See id. at ¶ 7.) Respondent contends that this demonstrates that it was "petitioner's lackadaisical attitude toward the statute of limitations (rather than any temporary loss of legal papers) that caused the untimeliness of the petition." (Id.) This statement seems more demonstrative of pro se Petitioner's misunderstanding of the form or of the applicability of AEDPA's statute of limitations to his petition than of his having a

upon legal papers from his prior appeals.

Petitioner does not specifically allege that the appellate brief upon which he relied in his habeas petition was among his lost legal papers. However, his general contention that he needed the lost legal papers to complete his petition, and his particular reliance on his appellate brief in that petition, together allege a sufficient causal connection between his lost property and his delayed habeas petition to survive this motion to dismiss.

In addition, Petitioner promptly reported the loss of his legal papers to prison authorities and immediately filled out the claim forms they subsequently told him would be necessary. He also filed his habeas petition within two weeks of receiving his lost property and under one month after the statute of limitations expired. Accordingly, drawing all reasonable inferences in Petitioner's favor and construing his claims "to raise the strongest arguments that they suggest," Pabon, 459 F.3d at 248, Petitioner has also demonstrated sufficient diligence to survive this motion to dismiss.[9]

---

"lackadaisical" attitude toward the statutory filing period.

[9] Respondent contends that the fact that Petitioner had not filed his habeas petition by the time he was transferred in November 2006 demonstrates a lack of diligence and defeats his claim for equitable tolling. (See Resp.'s Aff. in Reply ¶ 9.) However, in November 2006, Petitioner still had approximately five months within which to timely file his habeas petition. Reasonable diligence does not require a petitioner, in the absence of any foreseeable obstacles to filing his habeas petition, to nonetheless file his petition many months in

### 4. Conclusion

For the above reasons, Respondent's motion to dismiss Petitioner's habeas petition as barred by AEDPA's statute of limitations is DENIED.  Respondent shall file an answer to the petition, pursuant to § 2254 Rule 5, by May 8, 2009.

The Court also clarifies that although Petitioner's submissions are sufficient to survive this motion to dismiss, "they are not sufficient to establish his ultimate entitlement to equitable tolling."  Valverde, 224 F.3d at 135.  After considering Respondent's answer, the Court will determine what, if any, further development of the factual record is necessary to determine the equitable tolling question.

### B. Application for Appointment of Counsel

A Court has discretion under the Criminal Justice Act ("CJA") to appoint counsel to any person seeking relief pursuant to 28 U.S.C. § 2254 "[w]henever ... the interests of justice so require and such person is financially unable to obtain representation."  18 U.S.C. § 3006A.  In making this determination, the Court must first ascertain "whether the indigent's position seems likely of substance."  Hodge v. Police

---

advance of the expiration of his statutory filing period.  Compare, Hizbullahankhamon, 255 F.3d at 76 (holding that twenty-two days without access to legal materials at the outset of the one-year limitations period did not warrant equitable tolling because a reasonably diligent person could have nonetheless submitted a timely petition in the remainder of the period).

Officers, 802 F.2d 58, 61 (2d Cir. 1986).

The Court is unable to make such a determination based on the papers submitted thus far. Although Petitioner has alleged sufficient facts to defeat Respondent's motion to dismiss his habeas petition as time barred, until Respondent answers the petition, the Court cannot assess the merits of the petition, and thus whether Petitioner's position "seems likely of substance." Hodge, 802 F.2d at 61. Accordingly, Petitioner's application to appoint counsel, (Dkt. No. 11), is DENIED without prejudice.

Petitioner may renew his application after Respondent has submitted his answer as ordered herein. Petitioner is directed to the Pro Se Office, 500 Pearl Street, New York, NY 10007, (212) 805-0175, for the appropriate procedures for renewing his application.

**Conclusion**

For the reasons stated above, Respondent's motion to dismiss, (Dkt. No. 7), is DENIED. In addition, Petitioner's application for appointment of counsel, (Dkt. No. 11), is DENIED without prejudice and with leave to renew as specified above.

SO ORDERED.

Dated:   New York, New York
         March 26, 2009

_____
Kimba M. Wood
United States District Judge

13